Justin Cilenti (GC2321)
Peter Hans Cooper (PHC4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JORGE ALBERTO FUENTES, JAIME CANALES-PEREZ, *and* JULIAN CANALES ORTIZ, *on behalf of themselves, and others similarly situated,* | Case No.:  22 CV 7446 **COMPLAINT in an FLSA ACTION** |
| Plaintiffs, -against- | ECF CASE |
| 5717 2nd AVENUE TILE CORP.; CIVIC CONTRACTING LLC; 11135 PALMETTO RIDGE LLC; CALDERA LANE LLC; *and* ANTHONY J. SCHIRO, *individually,* | |
| Defendants. | |

---

Plaintiffs, Jorge Alberto Fuentes, Jaime Canales-Perez, and Julian Canales Ortiz (collectively, "Plaintiffs") on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, respectfully file this Complaint against Defendants, 5717 2nd Avenue Tile Corp., Civic Contracting LLC, 11135 Palmetto Ridge LLC, and Caldera Lane, LLC (corporate defendants herein referred to collectively as, "corporate defendants"), and Anthony J. Schiro, individually (all defendants, collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiffs further allege, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are adult residents of Kings County, New York.

6.      Defendant, 5717 2nd Avenue Tile Corp., is a domestic business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 8512 Bay 16th Street, Brooklyn, New York 11214, and does business as "2nd Avenue Tile Corp."

7.      Defendant, Civic Contracting LLC, is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of

business located at 8512 Bay 16th Street, Brooklyn, New York 11214, and does business as "2nd Avenue Tile Corp."

8.     Defendant, 11135 Palmetto Ridge LLC, is a foreign limited liability company, doing business in the State of New York, with a principal place of business located at 8512 Bay 16th Street, Brooklyn, New York 11214, and does business as "2nd Avenue Tile Corp."

9.     Defendant, Caldera Lane LLC, is a foreign limited liability company, existing and doing business under the laws of the State of New York, with a principal place of business located at 8512 Bay 16th Street, Brooklyn, New York 11214, and does business as "2nd Avenue Tile Corp."

10.     Upon information and belief, Defendant, Anthony J. Schiro, resides at 9 Opatut Way in Freehold, New Jersey.

11.     Upon information and belief, Defendant, Anthony J. Schiro, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

12.     Upon information and belief, Defendant, Anthony J. Schiro is an individual who, upon information and belief, owns the stock of the corporate defendant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

13.     Defendant, Anthony J. Schiro, is an individual who, upon information and belief, manages the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

14.     At all times relevant to this action, Defendant, Anthony J. Schiro, was Plaintiffs' employer, within the meaning of the FLSA and the New York Labor Law.

15.     Plaintiff Jorge Alberto Fuentes was employed by the Defendants, in Kings County, New York, to work for defendants' construction business, doing tasks required for the installation of tile and concrete roofing and general carpentry, from approximately September 2015 through August 2022.

16.     Plaintiff Jaime Canales-Perez was employed by the Defendants, in Kings County, New York, to work for defendants' construction business, doing tasks required for the installation of tile and concrete roofing and general carpentry, from approximately 1995 through November 2022.

17.     Plaintiff Julian Canales Ortiz was employed by the Defendants, in Kings County, New York, to work for defendants' construction business, doing tasks required for the installation of tile and concrete roofing and general carpentry, from approximately 2004 through November 2022.

18.     At all relevant times, 5717 2nd Avenue Tile Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19.     At all relevant times, Civic Contracting LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20.     At all relevant times, 11135 Palmetto Ridge LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

21.     At all relevant times, Caldera Lane LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

22.     The individual defendant, Anthony J. Schiro, exercised control over the terms and conditions of his employees' employment, including Plaintiffs, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of the employees, and (v) otherwise affect the quality of the employees' employment.

23.     At all times relevant to this action, the individual defendant, Anthony J. Schiro, personally determined Plaintiffs' rate and method of pay, and personally paid Plaintiffs.

24.     At all relevant times, the work performed by Plaintiffs was directly essential to the construction business operated by the corporate defendants, and their owner and manager, Anthony K. Schiro.

25.     At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

26.     The corporate defendant, 5717 2nd Avenue Tile Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

27.     The corporate defendant, Civic Contracting LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

28.     The corporate defendant, 11135 Palmetto Ridge LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

29.     The corporate defendant, Caldera Lane LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

30.     Plaintiffs worked for the contracting businesses and directly for Anthony J. Schiro.

31.     The defendant corporations are owned, operated, and controlled by the individual defendant Anthony J. Schiro.

32.     Although the corporate defendants 5717 2nd Avenue Tile Corp., Civic Contracting LLC, 11135 Palmetto Ridge LLC, Caldera Lane, LLC are separate corporations or business entities, they engage in related activities, namely, tile sales and installation related construction businesses. The corporations shared Plaintiffs, as well as other employees, acted in

6

the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

33.     The corporations 5717 2nd Avenue Tile Corp., Civic Contracting LLC, 11135 Palmetto Ridge LLC, Caldera Lane, LLC are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

34.     The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

35.     The corporate defendants share a common commercial business purpose, namely, operating identical tile installation and general contracting / construction businesses in the State of New York.

36.     Upon information and belief, an arrangement existed between the corporate defendants whereby the entities agreed to share the services of Plaintiffs.

37.     Upon information and belief, the corporate defendants, in fact shared control of Plaintiffs.

38.     Plaintiffs, Jorge Alberto Fuentes, Jaime Canales-Perez, and Julian Canales Ortiz, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a.    Plaintiff Jorge Alberto Fuentes

39.    In or about September 2015, Plaintiff, Jorge Alberto Fuentes, was hired by the Defendants to work as a construction worker, performing installation of tile and other flooring and general carpentry work.

40.    Plaintiff Jorge Alberto Fuentes worked or the Defendants continuously in such capacity beginning in September 2015, until on or about August 13, 2022, except for approximately three (3) months in beginning in March 2020, when he was not working for the Defendants due to the COVID-19 global pandemic.

41.    During Jorge Alberto Fuentes' employment by Defendants, he often worked over forty (40) hours per week.

42.    Plaintiff Jorge Alberto Fuentes normally worked between 8:00 a.m. until 4:00 p.m., five (5) or six (6) days per week. He worked a sixth (6th) day approximately twice per month. When he worked six (6) days per week, he worked forty-eight (48) hours per week.

43.    Plaintiff was not paid timely wages, wages for all hours worked, or given overtime compensation. Instead, Plaintiff was paid a daily rate of two hundred dollars ($200.00)

44.    Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly wage, as required by state and federal law.

45.    Plaintiff was not paid any wages at all, for approximately five (5) weeks. During four (4) of the unpaid weeks, Plaintiff worked five (5) days each week; and during one (1) of the week, Plaintiff worked six (6) days and was not paid any wages.

46.    Plaintiff Jorge Alberto Fuentes was always paid in cash, without any receipt or "wage statement".

### b.   Plaintiff Jaime Canales-Perez

47.   In or about 1995, Plaintiff, Jaime Canales-Perez, was hired by the Defendants to work as a construction worker, performing installation of tile and other flooring and general carpentry work.

48.   Plaintiff Jaime Canales-Perez worked or the Defendants continuously in such capacity beginning in 1995 through on or about November 6, 2022, except for approximately three (3) months in beginning in March 2020, when the company did not operate due to the COVID-19 global pandemic.

49.   During Jaime Canales-Perez' employment by Defendants, he often worked over forty (40) hours per week.

50.   Prior to March 2020, Plaintiff Jaime Canales-Perez normally worked between 8:00 a.m. until 4:00 p.m., six (6) days per week. Beginning in mid-2020, Plaintiff Jaime Canales-Perez typically worked five (5) days per week.

51.   Plaintiff was not paid timely wages, wages for all hours worked, or given overtime compensation. Instead, Plaintiff was paid a daily rate of two hundred twenty dollars ($220.00).

52.   Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly wage, as required by state and federal law.

53.   Plaintiff was not paid any wages at all, for approximately eight (8) work weeks, when he worked five (5) days per week.

54.   Plaintiff Jaime Canales-Perez was paid by company check, without any receipt or "wage statement".

### c.    Plaintiff Julian Canales Ortiz

55.    In or about 2004, Plaintiff, Julian Canales Ortiz, was hired by the Defendants to work as a construction worker, performing installation of tile and other flooring and general carpentry work.

56.    Plaintiff Julian Canales Ortiz worked or the Defendants continuously in such capacity beginning in 2004 until on or about November 6, 2022, except for approximately three (3) months in beginning in March 2020, when the company did not operate due to the COVID-19 global pandemic.

57.    During Julian Canales Ortiz' employment by Defendants, he often worked over forty (40) hours per week.

58.    Prior to March 2020, Plaintiff Julian Canales Ortiz normally worked beginning at 8:00 a.m. until 4:00 p.m., six (6) days per week. Beginning in mid-2020, Plaintiff Julian Canales Ortiz typically worked five (5) days per week.

59.    Plaintiff was not paid timely wages, wages for all hours worked, or given overtime compensation. Instead, Plaintiff was paid a daily rate of two hundred dollars ($200.00).

60.    Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly wage, as required by state and federal law.

61.    Plaintiff was not paid any wages at all, for approximately nine (9) weeks, when he worked five (5) days per week.

62.    Plaintiff Julian Canales Ortiz was paid by electronic funds transfer without any receipt or "wage statement".

63.    At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the

New York State overtime rate (of time and one-half) to Plaintiffs, for work performed over forty (40) hours in a workweek.

64.     Plaintiffs were always paid at the same rate of pay, for all hours worked, every week. He was informed that he was compensated based upon an "daily rate" which did not fluctuate when they started earlier or stayed later than their usual hours.

65.     Plaintiffs were not provided with a complete and accurate wage statement or other documentation of their weekly hours, hourly rate, any deductions, and compensation.

66.     At all relevant times, Defendants were Plaintiff's employer, pursuant to the FLSA and the New York Labor Law.

67.     Defendant Anthony J. Schiro actively supervised the work of the Plaintiffs, and other similarly situated employees.

68.     During the past three (3) years, the corporate defendants, had annual gross volume of sales of not less than $500,000.

69.     The corporate defendants had more than eight (8) employees, at all times relevant to this action.

70.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM
## COUNT I
### [Violation of the Fair Labor Standards Act]

71.     Plaintiffs re-allege and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.     At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

73.     At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

74.     Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

75.     Plaintiffs were entitled to be paid for all hours worked and at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

76.     At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

77.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

78.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

79.     Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

80.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiffs were not given a weekly statement of their hours and at times, were paid off the books or in cash.

81.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

82.     As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

83.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

84.     Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## [Violation of the New York Labor Law]

85.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "84" of this Complaint as if fully set forth herein.

86.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

87.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiff wages for all hours, days and weeks worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours each workweek.

88.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants unpaid wages; overtime wages; reasonable attorneys' fees, and

costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198.  Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

89.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "88" of this Complaint as if fully set forth herein.

90.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

91.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

92.    Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

93.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

94.    Defendants willfully disregarded and evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

95.    Plaintiff was not provided with true and accurate wage statements as required by law.

14

96.     Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

97.     Defendants' failure to provide a weekly wage statement entitles Plaintiff to statutory damages in the amount of two hundred fifty dollars ($250.00) for each workday the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

98.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

<u>**COUNT IV**</u>

**[Violation of New York Labor Law – Failure to Pay Timely Wages]**

99.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "98" of this Complaint as if fully set forth herein.

100.    The timely payment of wages provision of New York Labor Law § 191 and its supporting regulations apply to Defendants and protect Plaintiffs from untimely payment of wages.

101.    Defendants are each an employer within the meaning of New York Labor Law §§ 190 and 651.  Defendants routinely failed to pay Plaintiffs timely wages.

102.    Further, Plaintiffs are "manual workers" within the meaning of New York Labor Law § 190(4).

103.    As manual workers, Defendants were required to pay plaintiffs "not later than seven days after the end of the week in which the wages are earned" as required by New York Labor Law § 191(1)(a)(i).

104.    With Defendants paying Plaintiffs erratically, Defendants did not pay Plaintiffs for the first seven (7) days they worked during each pay period within seven (7) days after the end of the week in which the wages were earned. Plaintiffs did not agree to be paid long after each pay period.

105.    Defendants failed to pay on a timely basis as required by New York Labor Law § 191(1)(a).

106.    Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest as provided for by New York Labor Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Jorge Alberto Fuentes, Jaime Canales-Perez, and Julian Canales Ortiz, on their own behalf and on behalf of others similarly situated, respectfully request that this Court grant the following relief:

(a)    An award of unpaid wages, and overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of liquidated as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c)    An award of liquidated damages and statutory penalties as a result of the Defendants' failure to pay wages and timely wages, pursuant to the New York Labor Law;

(d)    An award of penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

(e)    An award of prejudgment and post-judgment interest;

16

(f)     An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and,

(g)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 8, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jepclaw.com

By:     _____
        Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Anthony J. Schiro

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jorge Alberto Fuentes, Jaime Canales-Perez, and Julian Canales Ortiz intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of 5717 2nd Avenue Tile Corp., Civic Contracting LLC, 11135 Palmetto Ridge LLC, and Caldera Lane, LLC, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
        December 8, 2022

Respectfully submitted,

By:    _____
            Peter Hans Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

18

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Jorge Alberto Fuentes_____, am an employee currently or

formerly employed by _2nd Ave. Tile Corp. /Anthony Schiro_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Dec. 6_____, 2022

_____

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Jaimie Canales. Perez_, am an employee currently or formerly employed by _2nd Avenue Tile Corp / Anthony Schiro_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Dec. 6_, 2022

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Julian Canales Ortiz_____, am an employee currently or formerly employed by _2nd Avenue Tile Corp. / Anthony Schiso_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Dec. 6_____ , 2022